UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICA REESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-07186 |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC, ) | |
| ) | <u>Jury Demanded</u> |
| Defendant. ) | |

## **COMPLAINT**

Plaintiff, Erica Reese, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and alleges:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## **STANDING**

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Defendant's failure to report to a credit reporting agency that the debt is disputed creates a "real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

## **PARTIES**

1

5. Plaintiff, Erica Reese ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Synchrony Bank consumer credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois

7. PRA is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State).

8. PRA holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. PRA's primary business is the purchase, collection and management of portfolios of nonperforming loans that have been charged-off by the credit grantor. *See* PRA Group, Inc., Annual Report (2016 Form 10-K), at 5, available at http://ir.pragroup.com/annuals-proxies.cfm (viewed Sep. 22, 2017).

11. The principal purpose of PRA's business is the collection of debts, as it does not receive any significant revenue from other operations. *Id*.

12. PRA is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

13. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a US Bank consumer credit account beginning with 40378 ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

14. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

15. PRA subsequently began to collect the alleged debt.

16. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on September 6, 2018, sent a letter to PRA's dispute department email indicating that Plaintiff disputed the alleged debt. (Exhibit C, Dispute Letter).

17. PRA received Plaintiff's dispute on September 6, 2018.

18. Plaintiff's letter stated, in part, that the amount reported is not accurate.

19. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, No. 17-1773, 2018 WL 2035315, at *5. "There is simply no other way to interpret this language." *Id.*

20. After making the dispute, Plaintiff obtained her Experian credit report.

21. On October 8, 2018, PRA communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the date reported. (Exhibit D, Redacted Excerpt from Plaintiff's Experian Report).

22. PRA failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt.

23. PRA had been notified approximately Thirty-two (32) days prior of Plaintiff's dispute.

24. Thirty-two (32) days is sufficient time for a debt collector to update its records. *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter).

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

26. PRA failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to the credit reporting agency.

27. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

28. PRA materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

29. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

30. Defendant's collection efforts, including the damage to her credit score, cause negative emotions including general annoyance, aggravation, and other garden variety emotional distress.

31. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

33. PRA failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to Experian.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com